NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0347n.06

No. 19-2026

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CONNER CHANNING MCCOWAN, | ) | **FILED**<br>Jun 12, 2020<br>DEBORAH S. HUNT, Clerk |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| MATT MACAULEY, Acting Warden, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Respondent-Appellee. | ) | |
| | ) | |

Before: COLE, Chief Judge; McKEAGUE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Conner McCowan appeals the district court's denial of his petition for a writ of habeas corpus. We reject his arguments and affirm.

In the early morning hours of February 23, 2013, McCowan's sister and her boyfriend, Andrew Singler, got into an argument on their way home from a bar. McCowan was at home but became entangled in their dispute after he received calls and texts from both his sister and Singler. The two men themselves then started to argue, exchanging dozens of hostile messages in which each threatened—in colorful terms—to beat up the other.

Eventually, McCowan drove to Singler's apartment building, armed himself with a folding Buck knife, and walked up to Singler's door. Singler was unarmed but hit McCowan first with a punch to the head. The punch knocked McCowan backwards, but McCowan lunged back at Singler with the knife and stabbed him in the chest. Singler slumped to the floor and cried out in pain. McCowan ran back to his car and drove home. Along the way, he tossed the bloody knife

out of his window. Meanwhile, Singler's roommate drove Singler to the hospital. There, he died from blood loss caused by a stab wound to the heart.

The State of Michigan thereafter charged McCowan with murder. At trial, McCowan admitted that he killed Singler, but he contended that, during the fight, he had feared for his life and had stabbed Singler in self-defense. McCowan also testified that he saw a flash of light and felt disoriented after Singler punched him.

At the end of a ten-day trial, the jury convicted McCowan of second-degree murder. McCowan appealed, arguing among other things that several of the trial court's evidentiary rulings denied him the right to present a complete defense. The Michigan Court of Appeals rejected those arguments and affirmed McCowan's conviction; the Michigan Supreme Court denied him leave to appeal. *See People v. McCowan*, No. 319475, 2015 WL 3604516, at *1 (Mich. Ct. App. June 9, 2015) (per curiam); *People v. McCowan*, 873 N.W.2d 306 (Mich. 2016) (mem.). McCowan then petitioned for federal habeas relief, which the district court denied.

We review the district court's decision de novo. *See Ivory v. Jackson*, 509 F.3d 284, 291 (6th Cir. 2007). The state courts addressed McCowan's claim on the merits, so to succeed on his federal habeas petition McCowan must show that their decision was "contrary to, or involved an unreasonable application of," clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *see also Fleming v. Metrish*, 556 F.3d 520, 524–25 (6th Cir. 2009). Habeas relief is warranted only if the state court's decision was objectively unreasonable, rather than simply incorrect or erroneous. *See Akins v. Easterling*, 648 F.3d 380, 385–86 (6th Cir. 2011).

The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense, which includes the right to present relevant evidence, subject to reasonable

restrictions. *See Fleming*, 556 F.3d at 534. McCowan argues that the trial court violated this Constitutional guarantee in three of its evidentiary rulings.

First, McCowan challenges the trial court's decision to exclude the testimony of a concussion expert. McCowan argues that the expert's testimony was essential to establish that McCowan killed Singler in self-defense—a defense that required McCowan to show that he "honestly and reasonably" believed that he was in danger of death or serious bodily harm. Mich. Comp. Laws. § 780.972(1)(a); *People v. Heflin*, 456 N.W.2d 10, 18 (Mich. 1990). McCowan says the expert would have testified that McCowan suffered a concussion during the fight, that the concussion affected his ability to perceive what has happening around him, and that he had suffered several prior concussions, making it more likely that Singler's punch put McCowan in a "confusional state."

But the right to present a defense is subject to "reasonable evidentiary restrictions." *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc). Here, McCowan himself testified that no doctor had ever diagnosed him with a concussion. R. 7-16 at PageID 849, 850. And McCowan's concussion expert conceded that he had not evaluated McCowan until six months after the fight, even though—according to the expert himself—a concussion diagnosis typically requires that the affected person undergo a cognitive assessment at or near the time of the injury. *Id.* at PageID 854. Thus, by the expert's own admission, he could only speculate about whether McCowan had even suffered a concussion during the fight. Finally, the expert based his assessment, at least in part, on McCowan's own recollections that he had seen a "flash of light" and been confused after Singler's punch—recollections that McCowan had already testified about. R. 1-2 at PageID 93; R. 7-16 at PageID 844. The jury had thus already heard, directly from McCowan, the state-of-mind evidence the expert intended to relate. The trial court's decision to

bar his testimony was therefore not so unreasonable as to warrant habeas relief. *See Fleming*, 556 F.3d at 534.

Second, McCowan challenges the court's decision to bar him from presenting evidence related to head injuries that he had suffered more than two years before he stabbed Singler. McCowan says this evidence would have demonstrated that blows to the head would cause him to feel confused and "out of it." But McCowan was able to make that point to the jury: the court allowed him to discuss how several other head injuries—which had occurred within two years of the stabbing—had affected McCowan's mental state. That ruling did not render McCowan's trial fundamentally unfair, which means he is not entitled to habeas relief on this ground either. *See Baze v. Parker*, 371 F.3d 310, 324 (6th Cir. 2004).

Finally, McCowan contends that the court improperly cut short his testimony on Singler's history of fighting, which McCowan says would have shown that Singler had an aggressive personality. But the jury had already seen ample evidence of Singler's aggressiveness, not least in the form of the hostile messages he sent McCowan and Singler's decision to throw the first punch. More testimony on Singler's character likely would have had no impact on the jury's verdict, so any error on that point was harmless. *See Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).

The district court's judgment is affirmed.